IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,              :
  *ex rel.* Christopher James
  Kelly-Creekbaum                      :

     v.                                :   Civil Action No. DKC 17-3525

                                       :
L'ACADEMIE DE CUISINE, INC.,
et al.                                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, is the motion to dismiss the first amended complaint filed by Defendant FA Solutions, LLC ("FAS"). (ECF No. 27). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss the first amended complaint will be granted.

**I.   Factual Background[1]**

Relator Christopher James Kelly-Creekbaum ("Relator") brings this *qui tam* action against his former employer, L'Academie de Cuisine, Inc. ("L'Academie"), and FAS, a third-party financial aid servicer. L'Academie participated in certain federal student financial assistance programs

---

[1] Unless otherwise noted, the facts outlined here are undisputed and construed in the light most favorable to Plaintiff.

established under Title IV of the Higher Education Act of 1965 ("Title IV"), 20 U.S.C. §§ 1070-1090. An earlier memorandum opinion provides on overview of Title IV's various requirements and they need not be restated here. (ECF No. 24, at 2-4). The core of Relator's complaint is that L'Academie "improperly handled, over awarded, and under refunded Title IV funds" and then enlisted FAS "to conceal from the United States and the Department of Education the fact that it had fraudulently managed Title IV funds by over-awarding federal funds, prematurely disbursing financial aid, and failing [to refund properly] amounts otherwise not earned by students who had withdrawn." (ECF No. 26, ¶¶ 6-7). L'Academie hired FAS in July 2017.

This is Relator's second attempt to state a claim against FAS. The court previously granted FAS's motion to dismiss. (ECF Nos. 24; 25). The earlier memorandum opinion outlined Relator's pleading deficiencies and noted that Relator appeared unable to cure them, but nonetheless allowed Relator "an opportunity to file an amended complaint[.]" (ECF No. 24, at 19). The first amended complaint attempts to cure the earlier deficiencies by identifying the FAS individuals involved in the alleged fraud and providing non-exhaustive examples of their participation in the alleged fraud. (ECF No. 28, at 2; *see also* ECF No. 26, at ¶¶ 18, 45-52).

**II.   Procedural Background**

The first amended complaint alleges that L'Academie:[2] (1) presented false claims for payment to the United States, in violation of 31 U.S.C. § 3729(a)(1)(A) ("Count I"); (2) made and used false records material to the false claims, in violation of 31 U.S.C. § 3729(a)(1)(B) ("Count II"); (3) failed to return money belonging to the United States, in violation of 31 U.S.C. § 3729(a)(1)(D) ("Count III"); (4) concealed and improperly avoided its obligation to pay money to the United States, in violation of 31 U.S.C. § 3729(a)(1)(G) ("Count IV"); (5) conspired to commit violations of the FCA, in violation of 31 U.S.C. § 3729(a)(1)(C) ("Count V"); and (6) retaliated against Relator, in violation of 31 U.S.C. § 3730 ("Count VI"). (ECF No. 26, ¶¶ 64-96).  Relator also asserts Counts II, IV, and V against FAS.  Regarding Count V, Relator alleges that FAS conspired with L'Academie to commit the violations pleaded in Counts I-IV.

Pursuant to 31 U.S.C. § 3730(b)(4)(B), the United States filed a notice of election to decline intervention on July 26, 2018.  (ECF No. 6).  FAS filed the presently pending motion to

---

[2] The Clerk entered the default of L'Academie as to the original complaint for its failure to plead on December 12, 2018.  (ECF No. 23).  FAS explains that L'Academie "is out of business[.]"  (ECF No. 31, at 6).

dismiss on September 23, 2019.  (ECF No. 27).  Relator responded in opposition (ECF No. 28), and FAS replied (ECF No. 31).

**III. Standards of Review**

    **A.   Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  At this stage, all well-pleaded allegations must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268, (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  Unsupported legal allegations need not be accepted.  *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as are conclusory factual allegations devoid of any reference to actual events.  *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679

(quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In reviewing a motion to dismiss, the court may "consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  FAS attached a declaration from Ms. Brenda Wright, Executive Vice President of Financial Aid Operations, to its motion to dismiss. (ECF No. 27-2).  Ms. Wright's declaration also attached screenshots from the Department of Education's Common Origination and Disbursement ("COD") system.  (*Id.*).  In his response, Relator argues these documents are not integral to his complaint and questions their authenticity.  (ECF No. 28, at 7-9).  In its reply, FAS attempts to address Relator's foundational concerns and attaches a supplemental declaration from Ms. Wright, providing additional details about the screenshots.  (ECF No. 31, at 4-6; ECF No. 31-1).  The court need not consider these documents to resolve the pending motion.

    **B.   Fed.R.Civ.P 9(b)**

When, as here, a complaint alleges fraud, Fed.R.Civ.P. 9(b) imposes a heightened pleading standard and requires that a

5

plaintiff "state with particularity the circumstances constituting fraud[.]"  "To meet this standard, an FCA plaintiff must, at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison*, 176 F.3d at 784).  "These facts are often "referred to as the 'who, what, when, where, and how' of the alleged fraud."  *Id.* (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)).

**IV.  Analysis**

Relator asserts Counts II, IV, and V against FAS; Count V alleges that FAS conspired with L'Academie to commit the violations pleaded in Counts I-IV.  Notably, "Relator concedes that no new facts have been added in response to [the court's] dismissal of Count II[.]"  (ECF No. 28, at 2 n.1).  Relator's response addresses solely Counts IV and V, which suggests, as FAS argues in its reply, that Relator's conspiracy claim (Count V) encompasses only Count IV.  (ECF No. 31, at 2).  Count II will be dismissed against FAS and the court will consider the conspiracy alleged in Count V to include only a conspiracy to commit the violations pleaded in Count IV.

Count IV alleges that FAS violated 31 U.S.C. § 3729(A)(1)(D) (the conversion false claims provision) and § 3729(A)(1)(G) (the "reverse" false claims provision) "[b]y knowingly falsifying [L'Academie's] disbursement records and/or communicating to the United States and the Department of Education knowingly false information regarding [L'Academie's] disbursement dates and amounts of federal Title IV funds dating back to July 2016[.]" (ECF No. 26, ¶ 81). FAS argues that: (1) "the reverse false claims prong of the FCA cannot be used where, as here, the alleged obligation to repay arises from a false claim actionable under [§§ 3729(a)(1)(A) or (B)]" and (2) "[t]he reverse false claims count is also defective because the funds upon which the count is based do not amount to 'obligations' within the meaning of 31 U.S.C. § 3729(a)(1)(G)." (ECF No. 27-1, at 6-11).

Relator counters that he "identified the individuals who committed the fraud and provided examples of specific ways in which they committed the fraud." (ECF No. 28, at 6). Relator contends that "[f]or this reason alone, FAS's [m]otion as to Counts IV and V should be denied." (*Id.*). Relator also argues that the retention of any overpayment constitutes an "obligation" and argues his "claims against FAS in Counts IV and V are not premised on claims submitted prior to the hiring of

FAS, nor do they arise from the same conduct actionable under [§§ 3729(a)(1)(A) or (B)]." (*Id.*, at 9-12).

Relator vastly oversimplifies the court's earlier memorandum opinion. As explained there, § 3729(a)(1)(G) "cannot be used to remedy deficiencies in claims under § 3729(a)(1)(B)." (ECF No. 24, at 14). Relator again fails to allege FAS created a record material to a false claim for payment that was submitted by L'Academie to the DOE between 2012 and July 2017 because FAS was not hired until July 2017. To the extent that Relator alleges L'Academie submitted claims for payment since July 2017, Relator has again alleged "a general fraud scheme" and again failed "to identify specific false claims that were actually presented to the DOE." (*See id.*, at 14-16). Because Relator fails to allege Count IV sufficiently to state a claim, Count V will also be dismissed. An FCA conspiracy claim is dependent on the existence of an underlying FCA violation.

### V. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant FAS will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

8